**SOKA UNIVERSITY OF AMERICA, a California nonprofit public benefit corporation, Plaintiff—Appellant,**

v.

**SHOGAKUKAN, INC., a Japanese corporation; et al., Defendants—Appellees.**

No. 06–56627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed May 23, 2008.

Michael J. Niborski, Esq., Stroock & Stroock & Lavan, Los Angeles, CA, for Plaintiff–Appellant.

Timothy L. Alger, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Soka University of America appeals from the district court's order granting Shogakukan, Inc. and Kazumoto Ohno's special motion to strike SUA's complaint for libel under California's Anti–SLAPP law, California Civil Procedure Code section 425.16.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. "A district court's grant of a special motion to strike under California's anti-SLAPP statute, Cal. Civ. P.Code § 425.16, is ... reviewed de novo." *Bosley Med. Inst., Inc. v. Kremer,* 403 F.3d 672, 676 (9th Cir.2005).

SUA did not satisfy the requirement under California's Anti–SLAPP law that it show "that there is a probability that [it] will prevail on the claim." Cal.Civ.Proc. Code § 425.16(b)(1). Here, to prevail, SUA would have to be able to "prove[ ] by clear and convincing evidence that the [Appellees] published the defamatory statement[s] with actual malice, *i.e.,* with 'knowledge that [they were] false or with reckless disregard of whether [they were] false or not.'" *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 510, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).

SUA was aggrieved by the publication in three respects. First, the term to which SUA objects—"kakushu-gakko"—was used to describe to the magazine's Japanese readership SUA's academic standing in a foreign system. The term may not have been completely accurate. But a perfectly accurate term may not exist, because of the differences inherent in language, culture, and educational systems. SUA failed to present sufficient evidence suggesting that the use of the Japanese term to describe the school's American status was malicious. *See, e.g., id.; Harte–Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 667, 688, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989); *Eastwood v. Nat'l Enquirer, Inc.,* 123 F.3d 1249, 1251, 1255, 1256 (9th Cir.1997). Second, the numbers relating to SUA's graduation rate were culled from former professors and the school's own website and SUA failed to present evidence suggesting that the juxtaposition of the numbers from different sources was malicious. *See, e.g., Masson,* 501 U.S. at 510, 111 S.Ct. 2419; *Harte–Hanks,* 491 U.S. at 667, 688, 109 S.Ct. 2678; *Eastwood,* 123 F.3d at 1251, 1255, 1256. Finally, the quotation regarding SUA's accreditation prospects ascribed to one professor—which she now claims not to have said—was comparable to one expressed by another former SUA professor. While Appellees may have been negligent in attributing the quote to the wrong speaker, malice has not been shown. *See, e.g., Masson,* 501 U.S. at 510, 111 S.Ct. 2419; *cf. id.* at 517, 111 S.Ct. 2419.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.